**Odis TUCKER, Vonnie Tucker, Blake Tucker, and Lauren Tucker, Plaintiff,**

v.

**HARDIN COUNTY, and City of Savannah Police Department, Defendant.**

No. 1:05CV01046–T/AN.

United States District Court, W.D. Tennessee, Eastern Division.

Aug. 10, 2006.

Brandon O. Gibson with Pentecost, Glenn & Rudd PLC in Jackson, TN, for Hardin County, Tennessee.

Dale Conder, Jr. with the firm of Rainey, Kizer, Reviere & Bell, PLC in Jackson, TN, for The City of Savannah, Tennessee.

## ORDER GRANTING DEFENDANT HARDIN COUNTY'S MOTION FOR SUMMARY JUDGMENT

TODD, District Judge.

Plaintiffs Blake Tucker, Lauren Tucker, Odis Tucker, and Vonnie Tucker, filed this action pursuant to Title II of the Americans with Disabilities ("ADA") of 1990, 42 U.S.C. § 12131 *et seq.*, against the State of Tennessee, its political subdivision, Hardin County, and the City of Savannah Police Department. This Court dismissed the State of Tennessee as a defendant on August 1, 2005 because the case alleged violations in the Court of General Sessions of Hardin County, for which the State is not accountable. On June 26, 2006, Defendant Hardin County ("Defendant") filed a motion for summary judgment on all claims. Defendant contends that Lauren and Vonnie Tucker fail to state a claim under the ADA, and that the claims of Odis and Blake Tucker should be dismissed because there was no violation under the ADA. In response, Plaintiff noted that Lauren Tucker no longer asserts a claim but that Vonnie Tucker, Odis Tucker, and Blake Tucker continue to seek redress under the ADA. For the reasons that follow, the Court GRANTS summary judgment for Defendant Hardin County on all counts.

### Background

Plaintiffs Blake and Odis Tucker, who are both deaf and mute, were arrested on Sunday February 29, 2004. Blake Tucker ("Blake") was charged with resisting arrest, simple assault, assault on an officer, and disorderly conduct. Odis Tucker ("Odis") was charged with resisting arrest, disorderly conduct, and interfering with an officer. The two were brought to the Hardin County jail at 8:25 PM. In accordance with Hardin County procedure when charges involve an assault on an officer, the police called Judge Daniel Smith for a decision on bond. The judge chose to set no bond, and Odis and Blake remained in custody until their initial appearance the next day at 10:00 A.M.

While in custody, Blake and Odis communicated with officers through written notes. The two asked to call Vonnie Tucker ("Vonnie") (who is also hearing impaired), but the jail was not equipped with a teletypewriter ("TTY") telephone. Instead, the jailers acted as relay operators for Odis and Blake, using paper and pencil, as they spoke with a relay operator acting on Vonnie's behalf to complete the call. The call lasted 45 minutes.

While waiting in the courtroom the next day for their initial appearance the judge noticed that Blake and Odis were communicating with signs. The judge sent a note to Blake and Odis stating that he would save their case for last so that he would

have the opportunity to spend more time communicating with them. When they appeared, they entered "not guilty" pleas. The judge scheduled a hearing date for March 19, indicated that an interpreter would be present at the hearing, and released the two pending trial.

On March 11, the Blake and Odis met with their lawyer, Mr. Larson, who informed them that they would need to formally request an interpreter for the trial. On March 15, 2004, Mr. Larson sent notice to the court that an interpreter was required. On March 17, 2004, Mr. Larson was informed that an interpreter was not available for the March 19 court date, and that the hearing would have to be postponed until one could be scheduled. Mr Larson insisted on keeping the March 19 court date, stating that a plea agreement was in the works, and that if a plea agreement was not reached, he would ask for postponement at the hearing.

On the date of the proceeding, March 19, 2004, there was no interpreter available in court. The lawyers did reach a plea agreement, which included the dropping of all charges against Odis Tucker, and a reduction in the charges for Blake Tucker. Mr. Larson, counsel for Blake, explained the terms of the agreement to Blake before he appeared before the judge. Mr. Larson elected to proceed with the hearing to enter the guilty plea, notwithstanding the lack of a qualified interpreter, and indicated to the court that Blake's mother, Vonnie Tucker, would act as interpreter for the entering of the plea. Blake Tucker, aware that no interpreter was present, proceeded to enter the guilty plea, which the court accepted.

Plaintiffs Lauren, Blake, Vonnie, and Odis Tucker subsequently brought this action alleging discrimination in violation of the Americans with Disabilities Act (ADA) at three times: the detention in the Hardin County Jail, the initial appearance in the Hardin County General Sessions Court, and the dispositional hearing in which Blake Tucker's guilty plea was presented and accepted.

### Analysis

Summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure and requires that the moving party show the "absence of a genuine issue of material fact as to an essential element of the non-movant's case." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir.1989). "If the defendant ... moves for summary judgment ... based on the lack of proof of a material fact, ... [t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The court's function is not to weigh the evidence, judge credibility, or in any way determine the truth of the matter, however. *Anderson*, 477 U.S. at 249, 106 S.Ct. 2505. Rather, "[t]he inquiry on a summary judgment motion ... is ... 'whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law.'" *Street*, 886 F.2d at 1479 (quoting *Anderson*, 477 U.S. at 251–52, 106 S.Ct. 2505). Doubts as to the existence of a genuine issue for trial are resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

Congress passed the Americans with Disabilities Act ("ADA") "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." *Tennessee v. Lane*, 541 U.S. 509, 516–517, 124 S.Ct. 1978, 158 L.Ed.2d 820 (2004) (refer-

encing: §§ 12101(b)(1), (b)(4)). Title II of the ADA, §§ 12131–12134, prohibits the discrimination by any public entity[1] against a "qualified" person[2] with a disability in the operation of public services, programs or activities. *See id.* The enforcement provision of Title II incorporates § 505 of the Rehabilitation Act of 1973, 29 U.S.C. § 794a, which authorizes private citizens to bring suits for money damages. *Id.* (citing 42 U.S.C. § 12133).

■ Within the realm of the judicial system, Title II imposes a "duty to accommodate," consistent with the due process principle that "'within the limits of practicability, a State must afford to all individuals a meaningful opportunity to be heard' in its courts." *Tennessee v. Lane* 541 U.S. 509, 522–523, 124 S.Ct. 1978, 158 L.Ed.2d 820 (U.S.2004) (quoting *Boddie v. Connecticut,* 401 U.S. 371, 379, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971)). This does not, however, "require States to employ any and all means to make judicial services accessible to persons with disabilities ... [i]t requires only 'reasonable modifications'" ... that would not impose "undue financial or administrative burden." *Id.* at 531–532, 124 S.Ct. 1978.

### 1. *Lauren Tucker's claim*

Plaintiff's "Memorandum of Law in Opposition to Defendant Hardin County's Motion for Summary Judgment" states that "Lauren Tucker's (sic) has no claim against Hardin County." Therefore, any pending claim brought by Lauren Tucker against Hardin County is DISMISSED.

### 2. *Vonnie Tucker's claim*

■ Plaintiff Vonnie Tucker ("Vonnie") claims that she was a victim of discrimination under the ADA because she was asked to serve as an interpreter in the hearing at which Blake Tucker's plea agreement was presented. Vonnie contends that she was asked to be an interpreter because she was deaf, and this selection based on disability deprived her of her right to participate as a spectator in the activities of a public entity. Vonnie further claims that she "did not understand what was going on," she was "embarrassed, upset and depressed." (Pl.'s Br. at 18).

The depositions indicate that it was Blake and Odis Tucker's counsel, Mr. Rusty Larson, who enlisted Vonnie to serve as an interpreter, before the court proceedings began. Mr. Larson represented to the court that Ms. Tucker would serve as an interpreter, and Ms. Tucker did not express any reservations to the court indicating an unwillingness to serve as an interpreter for her sons. Furthermore, the request that Vonnie interpret was just that, a request. Regardless of who asked or how she was asked, Vonnie Tucker could have simply said "No."

Even if the court were in some way responsible for the service of Ms. Tucker as an interpreter, it was not a request based on disability, but rather a request based on skill. Ms. Tucker was not asked to be an interpreter because she was hearing impaired, but rather because she was proficient in lipreading and international sign language. Selection based on skill is not prohibited by the ADA. Vonnie Tucker

---

**1.** "Public entity" includes state and local governments, as well as their agencies and instrumentalities. § 12131(1)

**2.** A "qualified person" is one who, "with or without reasonable modifications to rules, policies, or practices, the removal of architec-

tural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." § 12131(2)

has not stated a claim upon which relief can be granted under the ADA. For this reason, Defendant's motion for summary judgment on Vonnie Tucker's claim is GRANTED.

### 3. *Blake and Odis Tucker's claims*

Blake and Odis Tucker claim discrimination at three times: during their post-arrest detention, at their initial appearance, and at the hearing in which Blake Tucker's plea agreement was presented and accepted.

#### A. *Post–Arrest Detention*

 Blake and Odis Tucker allege that the conditions surrounding their detention and phone call to Vonnie Tucker denied them benefits to which they were entitled. Defendant Hardin County argues that the ADA should not be applied to the less–than–24–hour detention of Odis and Blake Tucker following their arrest because the detention is not a "service, program or activity" of a public entity. Some circuits have chosen to specifically hold that brief detentions are not a "service, program, or activity" for purposes of the ADA.[3] Though not directly addressing brief post-arrest detentions, the Sixth Circuit has interpreted the phrase broadly, stating that "services, programs, or activities .. encompass virtually everything that a public entity does." *Johnson v. City of Saline,* 151 F.3d 564, 569 (6th Cir.1998). The Court assumes that the Sixth Circuit's broad reading of the statute's language indicates that overnight incarceration is covered by Title II of the ADA, and pro-

ceeds to analyze Plaintiff's claims under the Act.

Congress charged the Justice Department with establishing regulations for the implementation of the ADA, and these regulations are instructive in the present analysis. *See: Henrietta D. v. Bloomberg,* 331 F.3d 261, 274 (2d Cir.2003) and *Olmstead v. L.C.,* 527 U.S. 581, 598, 119 S.Ct. 2176, 144 L.Ed.2d 540 (1999) (stating that Justice Department regulations for implementation of the ADA "warrant respect."). Section 28 CFR 35.130(b)(1)(iii) prohibits public entities from "provid[ing] a qualified individual with a disability with an aid, benefit, or service that is not as effective in affording equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement as that provided to others."

Even assuming *arguendo* that placing a phone call is an "aid, benefit, or service" within the regulation, no evidence has been produced by Plaintiffs that Blake and Odis Tucker were prevented from gaining the same benefit as non-disabled persons from using the telephone, albeit with the assistance of the jailers. Plaintiffs do not cite any adverse effects associated with having to employ the jailers as relay operators for their call, which the jailers voluntarily did for 45 minutes. Information was transmitted and received, which is the same benefit a non-disabled person would have received from using the jail's telephone. Because there is no apparent injury and because defendants made good faith efforts to accommodate plaintiffs, the allegations of

---

**3.** *See: Rosen v. Montgomery County,* 121 F.3d 154 (4th Cir.1997) (DUI stop, arrest, and stationhouse detention of a hearing impaired person was not a "program or activity" under the ADA); *Patrice v. Murphy,* 43 F.Supp.2d 1156 (W.D.Wash.1999) (Domestic violence arrest of a hearing impaired person not subject to the ADA); *Bircoll v. Miami–Dade County,*

410 F.Supp.2d 1280, 1285 (D.Fla.2006) (Brief detention of hearing impaired person and denial of access to TTY was not violation of ADA); *Bryant v. Madigan,* 84 F.3d 246, 249 (7th Cir.1996) ("Incarceration, which requires the provision of a place to sleep, is not a 'program' or 'activity' ").

discrimination under the ADA during the post-arrest detention fail.

## B. Initial Appearance

 Title II of the ADA creates an "affirmative obligation to accommodate persons with disabilities in the administration of justice." *Tennessee v. Lane,* 541 U.S. at 532, 124 S.Ct. 1978 With this mandate, and the broad reading of the ADA term "service, program or activity," employed by the Sixth Circuit (*See: Johnson, supra*), this Court finds that the ADA is applicable to court proceedings such as the initial appearance at issue in this case. The court then turns to the question of whether the absence of an interpreter at the initial appearance for Blake and Odis Tucker denied them "equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement as that provided to others." 28 CFR 35.130(b)(1)(iii).

Initial appearances are governed by Tennessee Rule of Criminal Procedure 5, which provides that, upon a plea of not guilty, that a preliminary examination is to be scheduled, within ten days if the defendant remains in custody and within thirty days if released. Tenn.Crim. Proc. Rule 5 (2006). The only other procedural consideration is the Rule 43 requirement that the defendant be present. Tenn.Crim. Proc. Rule 43 (2006). Therefore, the "benefits" of an initial appearance under Tennessee law are 1) the opportunity to enter a plea; 2) the scheduling of a trial; and 3) a defendant's opportunity to be present.

In the present case, both Odis and Blake Tucker 1) entered pleas of "not guilty," 2) received a trial date; and 3) were present. Plaintiffs present no argument that the outcome was any different than it would have been if an interpreter was provided; and there is no evidence that they did not gain the same benefit provided to others. Viewing all of the evidence in the light most favorable for the Plaintiffs, no reasonable jury could find that Plaintiffs were denied equal opportunity to gain the same benefits as others. For this reason, Blake and Odis Tucker's claims of discrimination under the ADA at the initial appearance fail.

## C. Dispositional Hearing

Both Odis Tucker and Blake Tucker assert that Defendant violated the ADA because an interpreter was not provided at the March 19, 2004 dispositional hearing in which Blake Tucker's guilty plea was accepted by the court. The charges were dropped against Odis Tucker, however, and because Odis Tucker did not appear in the dispositional hearing, he does not have standing to raise an ADA claim arising out of the March 19, 2004 hearing. The court therefore, GRANTS Defendant's motion for summary judgment on Odis Tucker's claim, and considers the remaining claim by Blake Tucker.

 As noted above, this Court recognizes that the ADA is applicable to court proceedings. *See supra.* Additionally, Tennessee statute T.C.A. § 24–1–211 requires that a qualified interpreter be present when a deaf person is the subject of court proceedings. In this case, however, the court informed Rusty Larson, counsel for Blake and Odis Tucker, that an interpreter would not be available on March 19, 2004, and that the hearing date should be changed in order for an interpreter to be present. Mr. Larson elected to keep the original hearing date, in anticipation that a plea agreement would be reached. Blake Tucker stated in his deposition that his attorney never informed them that an interpreter was unavailable and that the court had suggested the continuance until an interpreter was present. The court, however, does not manage the communications between the lawyer and client. Un-

der Rule 1.2 of the Model Rules of Professional Responsibility, a lawyer may take such action on behalf of the client as is impliedly authorized to carry out the representation, but the lawyer is obliged to communicate with the client and abide by the client's decisions concerning representation.

■ In this case, an offer of accommodation was made by the court to Odis and Blake Tuckers' counsel, and was not accepted. A disabled person has the right to refuse an accommodation, but cannot then sue for denial of that accommodation. *See: Partelow v. Massachusetts,* 442 F.Supp.2d 41 (D.Mass.2006) (citing *Blatch v. Hernandez,* 360 F.Supp.2d 595, 634 (S.D.N.Y.2005) ("Department of Justice regulations make it quite clear that a public entity is not empowered to require a person to accept any particular accommodations"); *Olmstead v. L.C. ex rel. Zimring,* 527 U.S. 581, 602, 119 S.Ct. 2176, 144 L.Ed.2d 540 (1999) ("[P]ersons with disabilities must be provided the option of declining to accept a particular accommodation.")). In this case, the denial of an accommodation made by Blake Tucker's counsel is attributed to Blake Tucker because of the client-counsel duty under the rules of professional responsibility.

The plaintiffs' brief also appears to make an argument that Blake Tucker was not made fully aware of the provisions of his guilty plea, though it was explained to him by his lawyer, he signed a written agreement, and indicated that he understood when asked at the hearing. Plaintiff's brief states that it is "the Judge's statutory and constitutional duty to inform the Plaintiffs in their role as defendants in a criminal proceeding as to the nature of the charges and their rights and to make an inquiry as to whether they are freely and voluntarily giving up those rights" (Pl.'s Br. p. 18, quoting T.R.Crim.P 5(c)(1)); *State v. Mackey,* 553 S.W.2d 337 (Tenn.1977). This point would be germane if Plaintiff were asserting a due process claim, but in the context of allegations of ADA violations, are irrelevant.

With regard to Blake Tucker's claim of discrimination at the dispositional hearing on March 19, 2004, the evidence taken in the light most favorable to the plaintiff shows that the court made an offer of accommodation, which the plaintiff, through counsel, refused. If the communication between lawyer and client was not handled appropriately then Blake Tucker's claim is against his attorney, not against the court. This claim also fails.

### Conclusion

For the foregoing reasons, Defendant Hardin County's motion for summary judgment on all claims is GRANTED.

IT IS SO ORDERED.